98 F.3d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert WILSON, Defendant-Appellant.
 No. 95-16894.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Wilson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 58-month sentence for various firearms offenses. Wilson contends the district court erred by dismissing his section 2255 motion because: (1) his business office was illegally searched; and (2) the government withheld exculpatory evidence from him. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Wilson's motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Wilson contends that his business office was illegally searched and therefore any evidence uncovered during the search should have been suppressed.
 
 
 4
 "[A] federal court may not grant ... § 2255 habeas corpus relief on the basis that evidence obtained in an unconstitutional search or seizure was introduced ... at a ... federal trial where the defendant was provided an opportunity to litigate fully and fairly his fourth amendment claim before petitioning the federal court for collateral relief." Tisnado v. United States, 547 F.2d 452, 456 (9th Cir.1976); see also United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981); cf. Stone v. Powell, 428 U.S. 465, 494 (1976) (discussing bar with regard to 28 U.S.C. § 2254 petitions).
 
 
 5
 Here, the record shows that although Wilson moved to suppress evidence discovered during a search of his residence, he never moved to suppress evidence from the search of his office. Because Wilson had a full and fair opportunity to move to suppress evidence uncovered in the search of his business, we will not review his claim here. See Tisnado, 547 F.2d at 456.
 
 
 6
 Wilson also contends that the government withheld from him a federal firearms sales register that was illegally seized from his office, and that this register was exculpatory evidence.
 
 
 7
 We review de novo alleged violations of a defendant's right to timely disclosure by the prosecution of exculpatory evidence. See United States v. Alvarez, 86 F.3d 901, 903 (9th Cir.1996). "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963); see also Alvarez, 86 F.3d at 904. "Evidence is material under Brady if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Alvarez, 86 F.3d at 904 (quotation omitted).
 
 
 8
 Here, our review of the record indicates that the federal firearms register that Wilson alleges would have aided in his defense is not material under Brady. That is, there is no reasonable probability that disclosure of the register would have changed the outcome of Wilson's trial. See Alvarez, 86 F.3d at 904.[1] Therefore, the government did not violate Wilson's right to due process by allegedly withholding the federal firearms sales register. See Brady, 373 U.S. at 87.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Wilson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, in light of the fact that the register was originally in Wilson's possession, Wilson has not provided any explanation as to why he could not obtain the document independent of the government
 
 
 [2]
 Because we affirm under the former version of 28 U.S.C. § 2255, we do not address whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal